## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MUHAMMAD SAYANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ENVOY AIR INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MUHAMMAD SAYANI, ("Sayani" or "Plaintiff"), through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law against Defendant, ENVOY AIR INC. ("Defendant" or "Envoy"), states as follows:

## JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 101 et seq ("FMLA").

2. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. § 101, providing for declaratory, injunctive, compensatory, and other relief against violations of the FMLA. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

## BACKGROUND

4. Sayani is a citizen of the United States and the State of Illinois and resides in Morton Grove, Cook County, Illinois.

5. Envoy Air Inc. is a Delaware corporation. Envoy is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

6. Envoy is an employer as that term is defined under the under the FMLA, 29 U.S.C. § 2611.

7. Sayani began his employment with Defendant as a Fleet Service Clerk in July 2017. His most recent position was Ramp Crew Chief.

8. Throughout his employment, Sayani performed his job duties to Defendant's legitimate expectations.

9. On or about September 26, 2019, Sayani became unable to work because he was suffering from a serious health condition, bipolar disorder.

10. Sayani was admitted to Riveredge Hospital on September 29, 2019 because of his serious health condition.

11. On October 3, 2019, Sayani's sister sent a doctor's note to Envoy Attendance Supervisor, Erik Garcia. On October 6, 2019, Garcia acknowledged receipt of the doctor's note and advised that if Sayani would need to be off work for more than 10 days, he would need to apply for a medical leave of absence.

12. On October 8, 2019, a request for an FMLA leave of absence until October 14, 2019 was submitted on Sayani's behalf to FMLA Source, the company which administered FMLA leave requests for Envoy.

13. On October 9, 2019, Sayani was discharged from Riveredge Hospital.

14. After Plaintiff was discharged from Riveredge Hospital, he spoke to Garcia and Union Steward Adam Fernandez on the phone. Fernandez told him to call in sick for the days he was not in the hospital and provide all his paperwork to the FMLA people.

15. On October 11, 2019, an updated request for FMLA leave until October 24, 2019 was submitted to FMLA Source on Sayani's behalf.

16. On October 14, 2019, Sayani was admitted to Lutheran General Hospital for his serious health condition. He was discharged from Lutheran General on October 15, 2019 and admitted to Chicago Behavioral Hospital the same day for his serious health condition.

17. Plaintiff was discharged from Chicago Behavioral Hospital on October 21, 2019.

18. On October 25, 2019, FMLA Source denied Sayani's FMLA leave request. The reason provided for the denial was that documentation for the leave had not been received.

19. On October 26, 2019, Sayani's sister emailed FMLA Source. In her email, she stated "Muhammad's filled and signed documents should have been sent to the employer, the documents were forwarded to the healthcare providers before the due date. I have managed to contact them since they don't respond so quick, I had to leave multiple voicemails and follow up with them for 3 4 days for the documents to be filled out. I humbly request you to Please allow sometime for them to send the leave request documents back to me or you."

20. On October 28, 2019, FMLA Source responded to Sayani's sister. In its email, FMLA Source stated in part "Thank you for writing. We look forward to receiving your medical certification. Medical certifications received after the due date will be processed according to your company's policies for late submissions."

21. Sayani's health care providers submitted medical certifications to FMLA Source in connection with Sayani's leave request.

22. FMLA Source approved the medical certifications submitted in connection with Sayani's leave request.

23. Upon information and belief, FMLA Source kept Envoy informed regarding the efforts to obtain proper FMLA Certification documents for Plaintiff's leave of absence, including but not limited to any delay by Plaintiff's health care providers in providing the completed FMLA Certification forms.

24. On October 29, 2019, Envoy terminated Plaintiff's employment because of his absences due to his serious health condition. Plaintiff was informed that day by an attendance department employee named Debra that Envoy would not accept his FMLA certification paperwork because it was submitted late.

## COUNT I – FAMILY AND MEDICAL LEAVE ACT

25. Plaintiff incorporates Paragraphs 1 through 24 as though more fully set forth herein.

26. At all pertinent times hereto, Sayani was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611, of Defendant.

27. Sayani was absent from work in connection with a serious health condition.

28. Sayani was entitled to protected leave under the FMLA in connection with his serious health condition.

29. Defendant willfully and intentionally interfered with Sayani's rights under the FMLA, 29 U.S.C. 2615, when they terminated his employment on October 29, 2019.

30. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, MUHAMMAD SAYANI, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4. Immediately assign Plaintiff to the job that he would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff liquidated damages;

8. Grant such other relief as may be just and proper.

                                              Respectfully submitted,

                                              Plaintiff,
                                              MUHAMMAD SAYANI

                                  By:     s/ Paul W. Ryan_____
                                              One of his attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, Illinois 60606
(312) 425-9100
ehollander@ekhaw.com
pryan@ekhlaw.com